[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**FILED** BG
1/8/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED

OCT 18 2019 

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KAMAT M. DAMANI )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
)
STUDIO MOVIE GRILL )
BRIAN HOOD )
AARON THOMAS, CHARLES LANE )
(Name of the defendant or defendants) )

CIVIL ACTION

**1:19-cv-06901**
**Judge Robert W. Gettleman**
**Magistrate Judge Jeffrey Cole**

### <u>COMPLAINT OF EMPLOYMENT DISCRIMINATION</u>

1. This is an action for employment discrimination.

2. The plaintiff is KAMAT M. DAMANI of the county of COOK in the state of ILLINOIS.

3. The defendant is STUDIO MOVIE GRILL, whose street address is 210 WEST 87TH STREET,

(city) CHICAGO (county) COOK (state) ILLINOIS (ZIP) 60620

(Defendant's telephone number) (773) - 420-4475

4. The plaintiff sought employment or was employed by the defendant at (street address)

210 WEST 87TH STREET (city) CHICAGO

(county) COOK (state) ILLINOIS (ZIP code) 60620

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

    (month) _November_ , (day) _7_ , (year) _2016_ .


7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check*

    *one box*] ☐ has *not*     filed a charge or charges against the defendant
    ☒ has

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

    (i)    ☐ the United States Equal Employment Opportunity Commission, on or about

         (month)_____ (day)_____ (year)_____.

    (ii)    ☒ the Illinois Department of Human Rights, on or about    *SEE ATTACHED*

         (month)_MAY 29_ (day) _2018_ (year)_____.    *PAGE*

  (b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached.   ☒ YES.   ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.


7.2     The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

    defendant asserting the acts of discrimination indicated in this court complaint.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

(i)  Complaint of Employment Discrimination,

☐ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES    ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☐    the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on
(month) _July_ (day) _26_ (year) _2019_ a copy *copies* of which
*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only
those that apply*]:

(a) ☐    Age (Age Discrimination Employment Act).

(b) ☐    Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

*SEE ATTACHED PAGE*

10.  If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.  The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13.  The facts supporting the plaintiff's claim of discrimination are as follows:

_____ *See attached pages!* _____

_____

_____

_____

_____

_____

14.  **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.  The plaintiff demands that the case be tried by a jury. ☒ YES  ☐ NO

16.  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐  Direct the defendant to hire the plaintiff.

(b) ☐  Direct the defendant to re-employ the plaintiff.

(c) ☐  Direct the defendant to promote the plaintiff.

(d) ☐  Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐  Direct the defendant to (specify): _____

_____

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Kamat M. D_____

(Plaintiff's name)

KAMAT M. DAMANI

(Plaintiff's street address)

7704 SOUTH EMERALD AVENUE

APT. #1-B

(City) CHICAGO (State) ILLINOIS (ZIP) 60620

(Plaintiff's telephone number) (773) – 934-9953

Date: 10|18|2019

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Section 7.1 continued

The Illinois Department of Human Rights on or about December 21, 2017.

Section 9 continued

Damani alleges the above and statutory claims alternatively pursuant to Federal

Rule of Civil procedure 8(d).

Defendant Employer Retaliation
State Law Claim

1. This court has supplemental jurisdiction over this claim pursuant to 28

U.S.C. section 1367.

2. Plaintiff Damani realleges the other paragraphs of this complaint including

section 13.

3. Damani engaged in protected activity as set forth in section 13 herein. He

reported to management of the employer theft by employees and filed

administrative proceedings complaining of wrongful employer conduct.

4. The defendant employer took retaliatory action as set forth in section 13
herein.

5. This retaliation was against the provisions of federal and Illinois statutory

law and Illinois public policy. Theft by employees are illegal in Illinois and

negatively affects the financial situation of the employer.

6. As a result Damani suffered damges.

**Section 13 continued**

## BACKGROUND FACTS

1. Damani incorporated by reference the two Illinois Department of Human Rights (IDHR) complaints attached hereto. The IDHR mistakenly referred to a broken right leg—Damani only suffered a broken left leg.

2. At all relevant times Damani was a member of a protected class. His national origin is Indian and his race is Asian.

3. At all relevant times Damani suffered from a disability. He was a diagnosed with bi-polar disorder and depression. The defendant employer knew of this disability from the time Damani applied for the job. His state identification card displays disabled.

4. The employer was also informed of Damani's diasabilty by his filing a charge with the Illinois Department of Human Relations in March 2017. This physical and mental disability substantially limited one or more of Damani's major life activities.

5. In addition Damani suffered a broken left leg in June 2016, of which the employer was aware. This disability substantially limited one or more of Damani's major life activities.

6. At all relevant times Damani satisfied the prerequisites of his job. Damani with or without a reasonable accommodation was qualified and able to perform the essential duties and functions of his job. Damani adequately and competently performed the duties of his job and met his employer's legitimate job guidelines and expectations.

7. At various times Damani engaged in protected activity. In November 2016 he reported to company management that there was theft occurring at the company as detailed below. In mid/late March 2017 Damani filed a complaint with the Illinois Department of Human Rights (IDHR), case number 2017CF 2077. He complained about a failure to accommodate his physical disability and mental disability. Damani also alleged he was subject to discrimination based upon his national origin (from India), race (Asian) and physical and mental disability (bi polar, depression, broken left leg). This discrimination took the form of a reduction in hours to be worked by him. The complaint further set forth retaliation. On December 21, 2017 Damani filed a second complaint with the IDHR and EEOC,

8. At all relevant times similarly situated non-Asian employees and employees not of Indian national origin were treated more favorably than Damani

9. The individual defendants Brian Hood, Aaron Thomas and Charles Lane were in management positions with the employer. They were aware of the below occurrences and took no corrective actions. They allowed the occurrences to continue.

10. Brian Hood was a director, Aaron Thomas was a general manager and Charles Lane was a manger.

11. The employer management often witnessed the harassment and bullying of Damani by coworkers. The employer's human resource employees were aware of the bullying and harassment and no corrective action was taken; they allowed harassing coworkers to work alongside Damani.

12. As a result of the below occurrences Damani was subject to a severe and pervasive hostile work environment which interfered with the performance of his job duties.

## SUBSEQUENT FACTS

13. Damani was hired on April 1, 2016 to work at the Chatham movie theater as a runner by general manger Venisha Johnson (Johnson). The duties were janitorial in nature including cleaning the 14 individual theaters within the movie complex and putting away inventory.

14. On June 21, 2016 Damani suffered a broken left leg as a result of an accident in his home. He immediately called Johnson who said he should take his time in recovering. Johnson said that the employer would change his job to an usher (taking tickets) and would provide him a chair. In fact the employer initially provided this accommodation. Later the employer took away the chair.

15. In late August Damani returned to work with a doctor's note. By that time there had been substantial changes in the employer's management. Johnson became event manager. The new general manger was Steven Bukus (Bukus). There were new directors, Gary van Gundy (van Gundy) and Brian Hood (Hood). The employer's name was changed to Studio-Movie-Grill (SMG). SMG started a major renovation of the theater.

16. About two months after Damani returned to work, against the accommodation the employer promised and initially provided and the employer forced Damani to clean the theaters, requiring him to climb and descend stairs. The employer, specifically Steven Bukus the general manager at the time, took away the chair that had been provided to Damani completely ignoring his doctor's note which he had shown to the employer and contrary and against the accommodation promised by the employer and initially provided by the employer.

## REPORT OF THEFT

17.  In November 2016 while he was working as an usher Damani reported a theft at the employer to manager Martha Hernandez (Hernandez) and Bukus. Part of Damani's duties as an usher was to have customers show him their tickets to enter the theater. Damani told Hernandez and Bukus that managers and other employees were stealing money by providing falsified tickets to the customers. Damani showed them copies of tickets showing no payment—like going into the theater for free. The tickets, by means of a digital numeric code, would falsely state that the ticket was a manager's or employee ticket. Bukus questioned Hernandez about this. Hernandez denied that she took part in any such activity or knew about any such activity.

18. Later that day Hernandez told Damani that he should not have told Bukus about the thefts and that he should have talked to her instead. Damani replied that he did not want the wonderful company that he really liked worked for to be taken advantage of. That is the reason he told Bukus about the thefts. Damani also told Hernandez that he had applied for a management position and that he wanted the chief executive officer Schultz to have trust in him.

## REDUCTION IN ASSIGNED HOURS

19. Thereafter Hernandez was angry with Damani. She was in charge of Damani's work schedule. Previous to this set of conversations the employer would assign extra hours to Damani if another employee did not come to work. After the above conversations, the employer did not assign Damani any such extra hours when employees did not come to work.

20. Another manager Charles Lane told Damani that doctors will write anything in a note and that the doctor's note that Damani had given to the employer looked as if it had been written by a child. He implied the note was fake. Lane also refused to allow Damani to work additional hours when other employees did not come to work.

21. At this point in time the managers, their friends and relatives and other employees were angry with Damani. Hernandez had spread the word of Damani's compliant about thefts to Bukus and her. The company reduced Damani's hours of work. When he complained to a manager he was told that he did not know about Damani's schedule and that he should talk to Hernandez. When Damani spoke to Hernandez she told him to talk to Bukus. Bukus in turn told Damani to speak to Hernandez. The employer to no corrective action.

22. At this point in time Damani had been working at the employer for almost one year. However, newer employees with less seniority were unfairly being assigned by the employer more hours.

23. In January-February 2017 three coworkers and Damani were scheduled to work beginning around 10:00 am. No managers were present. Customers/guests were lining up –the film was supposed to begin at 10:30 am. No one had keys for the office, concession stand or box office register. The customers/guests were getting furious so Damani tried to calm everyone down. Damani worked as an usher on weekends and knew which theaters he could direct customers/guests to. Damani called a manager who blamed another manager for not opening the theater for business. The employer did not thank or acknowledge Damani's efforts to defuse a tense situation with angry customers/guests.

24. At this point in time construction was proceeding on the theater premises and the construction workers had keys to the premises. Generally only managers had keys.

25. At the end February-early March 2017 the employer completed it remodeling. The out of town corporate employees (headquarters were in Dallas, Texas) came to the theater to train employees including Damani. Damani's managers and co-workers knew Damani was a very diligent and hard worker. The

corporate employees from Dallas as well as Bukus and the directors Hood and van Gundy were aware of Damani's capabilities and work ethic. They were aware that Damani's family included several entrepreneurs and very hard workers with good work ethics.

26. Damani personally worked worked with the employer's corporate personnel when they visited the Chicago facility.

27. Damani devoted his efforts and energy to the employer since the first day of his employment since he really loved the company and he looked forward to ultimately retiring from the company. Damani was a people person and enjoyed working with people.

28. The employees celebrated the grand reopening of the theater. The Texas employer trained the employees including Damani through all phases of duties and responsibilities. Even though Damani was an usher, it was necessary for him to learn the box office, kiosk, concession stand and other responsibilities and duties. There were only two other employees beside Damani who knew how to make coffee on the new Gevelai Coffee maker.

## EMPLOYER LEAVES DAMANI OFF WORK SCHEDULE

29. On March 5, 2017 Hernandez, Bukus and Damani met with Director van Gundy. Hernandez maliciously threw her set of keys on the desk where van

Gundy was working on the computer. She threw the keys right next to van Gundy startling him. Hernandez started crying. Bukus told Van Gundy Damani was going to be sent home for being insubordinate. Van Gundy pleaded to Bukus and Hernandez, saying "Martha don't send Kamat [Damani] home." Nevertheless Damani was ordered home and left the premises.

30. Thereafter the employer company completely left Damani off of the schedule for upcoming work.

## DAMANI FILES IDHR COMPLAINT

31. In mid/late March 2017 Damani filed a complaint with the IDHR case number 2017 CF 2077. Among other allegations Damani complained of discrimination based upon disability, national origin and race.

## BULLYING AND HARASSMENT/HOSTILE WORK ENVIRONMENT

32. The employer company management told employees that Damani had reported that managers and his co-workers had been stealing from the company and spread rumors. Damani's co-workers bullied and harassed him with the knowledge of management. On many occasions mangers witnessed these activities and did nothing to stop these activities; at times the mangers joined in. Damani reported this bullying and harassment to the employer Human Resource department and management, including that a certain very physically large co-

worker has assaulted him. No corrective action was taken by the employer. The employer took no corrective action as to bullying and harassment since it desired Damani to quit. A general manger told Damani that maybe he needed to find another job with another company.

33. There was continued verbal and physical abuse and harassment (including calling Damani names) and the working environment was hostile and unsafe. There was a severe and pervasive hostile work environment which interfered with Damani's performance of his duties. Damani informed the employer of this fact but the employer took no corrective action.

RETALIATION

34. The employer retaliated against Damani by passing him over for promotion. Other less qualified employees who were employed by the employer company for much shorter periods of time were promoted to positions of supervisor and manager instead of Damani. These other employees were not of Indian national origin and not Asian. Damani was fully qualified and able to perform the duties of the requested positions, and satisfied the prerequisites of these positions

35. Damani wrote a letter dated August 19, 2016 to Brian Schultz, CEO of the employer company regarding his applying for a management position. For no valid

or legal reason Damani was denied the promotion while other less senior less

qualified employees received promotions. These other employees were not of

Indian national origin and not Asian.

36.  At the end of August 2017 there was a major thunderstorm and all of the

electricity for the theater was cut off. Damani was an usher that night.  When the

electricity went down the audience left in a rush. Damani called for help in dealing

with an angry mob but no managers or other employees came to assist him.

37.  Damani also continued to be harassed and humiliated in front of

customers/guest. Company management was aware of this but took no action. In

fact employer managers often witnessed these occurrences.

38.  Damani also continued to be unjustly written up for supposed infractions.

Company management was aware of these occurrences but took no action.

### DAMANI FILES SECOND IDHR CAOMPLAINT AND SUBSEQUENT ACTIONS

39.  On December 21, 2017 Damani filed a second complaint with the IDHR

and EEOC, case number EEOC 21B-2018-00432. A copy of this complaint is

attached hereto.  Among other matters Damani complained of discrimination based

upon race, national origin and disability and alleged retaliation

40.  After the filing of this complaint the harassment continued with

management's knowledge. Management took no corrective action.. Management

refused almost all of Damani's requests to work when another employee could not come in. Management allowed other employees to substitute instead of Damani. These other employees were not of Indian national origin and not Asian.

41. On March 13, 2018 Damani was physically attacked and beaten up by a drunken belligerent movie guest. The employer company security staff and management did not come to his assistance for over one and one half hours. There is a video tape of this incident from 830 pm to 10 pm. The manager sent Damani home. On March 14, 2018 the Company informed Damani that he was under investigation regarding that incident. Damani was under investigation for two weeks and therefore could not work.

42. On April 6, 2018 company director Hood called Damani stating that he was terminated for allegedly not following company rules and regulations in connection with the incident. Contrary to Hood's statement, Damani in fact followed company rules and regulations (including calling a manager and security). For over one and one half hours Damani had been calling his supervisors. This was the second time the employer company put Damani in a dangerous situation wherein he had to deal unassisted with angry guests even though Damani had asked for help. The first instance was during the thunderstorm alleged above.

43.  At the end of May 2018 Damani filed a third complaint with the EEOC,

21B-2018-01337. A copy of this complaint is attached hereto.

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Kamat M. Damani**
**7704 S Emerald Ave**
**Chicago, IL 60620**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2018-01337** | **Grace Gountanis,** Investigator | **(312) 872-9684** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Julianne Bowman,_
**Julianne Bowman,**
**District Director**

1/25/19
*(Date Mailed)*

Enclosures(s)

cc: **STUDIO MOVIE GRILL**
**c/o Heidi H. Harrison**
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
**8117 Preston Rd., Suite 500**
**Dallas, TX 75225**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br>#18W0514.08 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2018CF2532 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br><br>Kamat M. Damani | TELEPHONE NUMBER (include area code)<br><br>(773) 934-9953 | |
|---|---|---|

| STREET ADDRESS<br><br>7704 S. Emerald Avenue, Apt.1-B | CITY, STATE AND ZIP CODE<br><br>Chicago, Illinois 60620 | DATE OF BIRTH<br><br>MM / DD / YYYY |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)**

| NAME OF RESPONDENT<br><br>Studio Movie Grill-XXIX | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area<br><br>(773) 420-4475 |
|---|---|---|

| STREET ADDRESS<br><br>210 W. 87th Street | CITY, STATE AND ZIP CODE<br><br>Chicago, Illinois 60620 | COUNTY<br><br>Cook |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>National Origin  Race  Disability   Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>3/13/18    4/6/18<br>☐ CONTINUING ACTION |
|---|---|

**THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:**

S E E   A T T A C H E D

Page 1 of 7

MFP

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS *29* DAY OF *May* , *2018*<br><br>X _____<br>NOTARY SIGNATURE |
|---|---|
| PATRICIA ALMARAZ<br>Official Seal<br>Notary Public – State of Illinois<br>My Commission Expires Sep 18, 2021<br><br>NOTARY STAMP | X _____  5/29/2018<br>SIGNATURE OF COMPLAINANT    DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2018CF2018CF2532
Complainant: Kamat M. Damani
Page 2 of 7

**I.** **A.** ISSUE/BASIS
SUSPENSION – MARCH 13, 2018, BECAUSE OF MY RACE, ASIAN

**B.** PRIMA FACIE ALLEGATIONS
1. My race is Asian.

2. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

3. On March 13, 2018, I was suspended by Brian Hood (non-Asian), Director. and Aaron Thomas (non-Asian), General Manager. The reason given was because of a pending investigation.

4. Similarly situated non-Asian employees were treated more favorably.

**II.** **A.** ISSUE/BASIS
SUSPENSION – MARCH 13, 2018, BECAUSE OF MY NATIONAL ORIGIN, INDIA

**B.** PRIMA FACIE ALLEGATIONS
1. My national origin is India.

2. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

3. On March 13, 2018, I was suspended by Brian Hood (non-India), Director. and Aaron Thomas (non-India), General Manager. The reason given was because of a pending investigation.

4. Similarly situated employees whose national origin is not India were treated more favorably.

**III.** **A.** ISSUE/BASIS
SUSPENSION – MARCH 13, 2018, BECAUSE OF MY DISABILITY, DEPERSSION

**B.** PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

Charge Number: 2018CF2018CF2532
Complainant: Kamat M. Damani
Page 3 of 7

4. On March 13, 2018, I was suspended by Brian Hood (no known disability), Director. and Aaron Thomas (non-India), General Manager. The reason given was because of a pending investigation.

5. My disability is unrelated to my ability to perform my job.

IV.   A.   ISSUE/BASIS
SUSPENSION – MARCH 13, 2018, BECAUSE OF MY DISABILITY, BI- POLAR DISORDER

B.   PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

4. On March 13, 2018, I was suspended by Brian Hood (no known disability), Director. and Aaron Thomas (non-India), General Manager. The reason given was because of a pending investigation.

5. My disability is unrelated to my ability to perform my job.

V.   A.   ISSUE/BASIS
SUSPENSION – MARCH 13, 2018, BECAUSE OF MY DISABILITY, FRACTURED LEFT LEG

B.   PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

4. On March 13, 2018, I was suspended by Brian Hood (no known disability), Director. and Aaron Thomas (non-India), General Manager. The reason given was because of a pending investigation.

5. My disability is unrelated to my ability to perform my job.

VI.   A.   ISSUE/BASIS
           SUSPENSION – MARCH 13, 2018, BECAUSE OF MY DISABILITY,
           FRACTURED RIGHT LEG

      B.   PRIMA FACIE ALLEGATIONS
           1. I am an individual with a disability as defined by the Illinois Human
              Rights Act.

           2. Respondent was aware of my disability.

           3. My work performance as usher/runner met Respondent's expectations. I
              was hired on April 1, 2016.

           4. On March 13, 2018, I was suspended by Brian Hood (no known
              disability), Director and Aaron Thomas (non-India), General Manager.
              The reason given was because of a pending investigation.

           5. My disability is unrelated to my ability to perform my job.

VII.  A.   ISSUE/BASIS
           SUSPENSION – MARCH 13, 2018, IN RETALIATION FOR FILING
           EARLIER DISCRIMINATION CHARGES

      B.   PRIMA FACIE ALLEGATIONS
           1. On April 13, 2017, I filed charge #2017CF2077 and on December 14, 2018,
              I filed charge# 2018CF1178, against Respondent with the Illinois
              Department of Human Rights.

           2. On March 13, 2018, I was suspended by Brian Hood, Director. and Aaron
              Thomas, General Manager. The reason given was because of a pending
              investigation.

           3. The negative employment action followed the filing of my discrimination
              charges within such a period of time as to raise an inference of retaliatory
              motivation.

VIII. A.   ISSUE/BASIS
           DISCHARGE – APRIL 6, 2018, BECAUSE OF MY NATIONAL ORIGIN,
           INDIA

      B.   PRIMA FACIE ALLEGATIONS
           1. My national origin is India.

           2. My work performance as usher/runner met Respondent's expectations. I
              was hired on April 1, 2016.

Charge Number: 2018CF2018CF2532
Complainant: Kamat M. Damani
Page 5 of 7

3. On April 6, 2018, I was discharged by Brian Hood, (non-India), Director and Aaron Thomas, (non-India), General Manager. The reason given was because of a physical altercation I had with a customer.

4. Similarly situated employees whose national origin is not India were not discharged under similar circumstances.

IX.  A.  ISSUE/BASIS
     DISCHARGE – APRIL 6, 2018, BECAUSE OF MY RACE, ASIAN

     B.  PRIMA FACIE ALLEGATIONS
     1. My race is Asian.

     2. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

     3. On April 6, 2018, I was discharged by Brian Hood, (non-Asian), Director and Aaron Thomas, (non-Asian), General Manager. The reason given was because of a physical altercation I had with a customer.

     4. Similarly situated employees whose race is not Asian were not discharged under similar circumstances.

X.   A.  ISSUE/BASIS
     DISCHARGE – APRIL 6, 2018, BECAUSE OF MY DISABILITY, DEPRESSION

     B.  PRIMA FACIE ALLEGATIONS
     1. I am an individual with disability as defined by the Illinois Human Rights Act.

     2. Respondent was aware of my disability.

     3. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

     4. On April 6, 2018, I was discharged by Brian Hood, (no known disability), Director and Aaron Thomas, (no known disability), General Manager. The reason given was because of a physical altercation I had with a customer.

     5. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number: 2018CF2018CF2532
Complainant: Kamat M. Damani
Page 6 of 7

XI.   A.    ISSUE/BASIS
DISCHARGE – APRIL 6, 2018, BECAUSE OF MY DISABILITY, BI-POLAR DISORDER

     B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

4. On April 6, 2018, I was discharged by Brian Hood, (no known disability), Director and Aaron Thomas, (no known disability), General Manager. The reason given was because of a physical altercation I had with a customer.

5. My disability is unrelated to my ability to perform the essential functions of my job.

XII.   A.    ISSUE/BASIS
DISCHARGE – APRIL 6, 2018, BECAUSE OF MY DISABILITY, FRACTURED LEFT LEG

     B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance as usher/runner met Respondent's expectations. I was hired on April 1, 2016.

4. On April 6, 2018, I was discharged by Brian Hood, (no known disability), Director and Aaron Thomas, (no known disability), General Manager. The reason given was because of a physical altercation I had with a customer.

5. My disability is unrelated to my ability to perform the essential functions of my job.

XIII.   A.   ISSUE/BASIS
             DISCHARGE – APRIL 6, 2018, BECAUSE OF MY DISABILITY,
             FRACTURED RIGHT LEG

        B.   PRIMA FACIE ALLEGATIONS
             1. I am an individual with disability as defined by the Illinois Human Rights
                Act.

             2. Respondent was aware of my disability.

             3. My work performance as usher/runner met Respondent's expectations. I
                was hired on April 1, 2016.

             4. On April 6, 2018, I was discharged by Brian Hood, (no known disability),
                Director and Aaron Thomas, (no known disability), General Manager.
                The reason given was because of a physical altercation I had with a
                customer.

             5. My disability is unrelated to my ability to perform the essential functions
                of my job.

XIV.    A.   ISSUE/BASIS
             DISCHARGE – APRIL 6, 2018, IN RETALIATION FOR FILING
             DISCRIMINATION CHARGES

        B.   PRIMA FACIE ALLEGATIONS
             1. On April 13, 2017, I filed charge #2017CF2077 and on December 14, 2018,
                I filed charge #2018CF1178, against Respondent with the Illinois
                Department of Human Rights.

             2. On April 6, 2018, I was discharged by Brian Hood, Director and Aaron
                Thomas, General Manager. The reason given was because of a physical
                altercation I had with a customer.

             3. The discharge followed the filling of my discrimination charges within
                such a period of time as to raise an inference of retaliatory motivation.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Kamat M. Damani**
**7704 S Emerald Ave**
**Chicago, IL 60620**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2018-00432** | **Grace Gountanis,** Investigator | (312) 872-9684 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Julianne Bowman,**
**District Director**

1/25/19
*(Date Mailed)*

Enclosures(s)

CC: **STUDIO MOVIE GRILL**
**c/o Heidi H. Harrison**
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
**8117 Preston Rd., Suite 500**
**Dallas, TX 75225**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

# 18W1214.02

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2018CF1178 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)

Kamat M. Damani

TELEPHONE NUMBER (include area code)

(773) 934-9953

STREET ADDRESS

7704 S. Emerald Ave., #1B

CITY, STATE AND ZIP CODE

Chicago, IL 60620

DATE OF BIRTH

MM / DD / YYYY

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

NAME OF RESPONDENT

Studio Movie Grill

NUMBER OF EMPLOYEES, MEMBERS 15+

TELEPHONE NUMBER (include area)

(773) 420-4475

STREET ADDRESS

210 W 87th St.

CITY, STATE AND ZIP CODE

Chicago, IL 60620

COUNTY

Cook

CAUSE OF DISCRIMINATION BASED ON:

Race   National Origin   Disabilities   Retaliation

DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL)

6/2017                    12/2017

☐ CONTINUING ACTION

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

### S E E   A T T A C H E D

Page 1 of 15

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 21 DAY OF December, 2017

X _[signature]_
NOTARY SIGNATURE

X _[signature]_                    12/21/2017
SIGNATURE OF COMPLAINANT              DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

PATRICIA ALMARAZ
Official Seal
Notary Public – State of Illinois
My Commission Expires Sep 18, 2021

NOTARY STAMP

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2018CF1178
Complainant: Kamat M. Damani
Page 2 of 15

I. A. ISSUES/BASIS

HARASSMENT- JUNE 2017 THROUGH PRESENT (DECEMBER 2017), DUE TO MY RACE, ASIAN

B. PRIMA FACIE ALLEGATIONS

1. My race is Asian.

2. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

3. From June 2017 and continuing through present (December 2017), I have been subjected to harassment by various members of staff and management. Various managers have witnessed and joined in as staff ridiculed me and moved me from task to task as they sit around and socialize. In June 2017, management even ignored a complaint I tried to make against a co-worker who threatened me physically. On August 29, 2017, Respondent also put me in harm's way by leaving me alone to deal with a mob of angry customers who were out of control. Although management ignores me, they quickly address anyone who places a complaint against me such as Tamara Jackson, Manager (non-Asian).

4. Within this timeframe, I have filed various complaints with Aaron Thomas (non-Asian), General Manager, and Lisa Boylan (non-Asian), Director of Human Resources, but nothing was ever done.

5. Similarly situated non-Asian employees are not ignored if they attempt to file a harassment complaint.

6. This conduct created a hostile, intimidating, and offensive work environment, which interfered with my ability to do my job.

II. A. ISSUES/BASIS

HARASSMENT- JUNE 2017 THROUGH PRESENT (DECEMBER 2017), DUE TO MY NATIONAL ORIGIN, INDIA.

B. PRIMA FACIE ALLEGATIONS

1. My national origin is India.

2. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

Charge Number:   2018CF1178
Complainant:  Kamat M. Damani
Page 3 of 15

3. From June 2017 and continuing through present (December 2017), I have been subjected to harassment by various members of staff and management. Various managers have witnessed and joined in as staff ridiculed me and moved me from task to task as they sit around and socialize. In June 2017, management even ignored a complaint I tried to make against a co-worker who threatened me physically. August 29, 2017, Respondent also put me in harm's way by leaving me alone to deal with a mob of angry customers who were out of control. Although management ignores me, they quickly address anyone who places a complaint against me such as Tamara Jackson, Manager (non-India).

4. Within this timeframe, I have filed various complaints with Aaron Thomas (non-India), General Manager, and Lisa Boylan (non-India), Director of Human Resources, but nothing was ever done.

5. Similarly situated employees who were not from India, are not ignored if they attempt to file a harassment complaint.

6. This conduct created a hostile, intimidating, and offensive work environment, which interfered with my ability to do my job.

III. A. ISSUES/BASIS

HARASSMENT- JUNE 2017 THROUGH PRESENT (DECEMBER 2017), DUE TO MY DISABILITY, DEPRESSION

B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on April 1, 2016. My performance as an usher-runner met Respondent's expectations.

4. From June 2017 and continuing through present (December 2017), I have been subjected to harassment by various members of staff and management. Various managers have witnessed and joined in as staff ridiculed me and moved me from task to task as they sit around and socialize. In June 2017, management even ignored a complaint I tried to make against a co-worker who threatened me physically. August 29, 2017, Respondent also put me in harm's way by leaving me alone to deal with a mob of angry customers who were out of control. Although management ignores me, they quickly address anyone who places a complaint against me such as Tamara Jackson, Manager.

Charge Number:   2018CF1178
Complainant:  Kamat M. Damani
Page 4 of 15

5.   Within this timeframe, I have filed various complaints with Aaron Thomas, General Manager, and Lisa Boylan, Director of Human Resources, but nothing was ever done.

6.   Similarly situated employees with no known disabilities are not ignored if they attempt to file a harassment complaint.

7.   This conduct created a hostile, intimidating, and offensive work environment, which interfered with my ability to do my job.

8.   My disability is unrelated to my ability to perform the essential functions of my job.

IV.   A.   ISSUES/BASIS

HARASSMENT- JUNE 2017 THROUGH PRESENT (DECEMBER 2017), DUE TO MY DISABILITY, BI-POLAR DISORDER

B.   PRIMA FACIE ALLEGATIONS

1.   I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2.   Respondent was aware of my disability.

3.   I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

4.   From June 2017 and continuing through present (December 2017), I have been subjected to harassment by various members of staff and management. Various managers have witnessed and joined in as staff ridiculed me and moved me from task to task as they sit around and socialize. In June 2017, management even ignored a complaint I tried to make against a co-worker who threatened me physically. On August 29, 2017, Respondent also put me in harm's way by leaving me alone to deal with a mob of angry customers who were out of control. Although management ignores me, they quickly address anyone who places a complaint against me such as Tamara Jackson, Manager.

5.   Within this timeframe, I have filed various complaints with Aaron Thomas, General Manager, and Lisa Boylan, Director of Human Resources, but nothing was ever done.

6.   Similarly situated employees with no known disabilities are not ignored if they attempt to file a harassment complaint.

**Charge Number:** 2018CF1178
**Complainant:** Kamat M. Damani
Page 5 of 15

7. This conduct created a hostile, intimidating, and offensive work environment, which interfered with my ability to do my job.

8. My disability is unrelated to my ability to perform the essential functions of my job.

## V.    A.    ISSUES/BASIS

HARASSMENT- JUNE 2017 THROUGH PRESENT (DECEMBER 2017), DUE TO MY DISABILITY, FRACTURED LEFT LEG.

### B.    PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

4. From June 2017 and continuing through present (December 2017), I have been subjected to harassment by various members of staff and management. Various managers have witnessed and joined in as staff ridiculed me and moved me from task to task as they sit around and socialize. In June 2017, management even ignored a complaint I tried to make against a co-worker who threatened me physically. On August 29, 2017, Respondent also put me in harm's way by leaving me alone to deal with a mob of angry customers who were out of control. Although management ignores me, they quickly address anyone who places a complaint against me such as Tamara Jackson, Manager.

5. Within this timeframe, I have filed various complaints with Aaron Thomas, General Manager, and Lisa Boylan, Director of Human Resources, but nothing was ever done.

6. Similarly situated employees with no known disabilities are not ignored if they attempt to file a harassment complaint.

7. This conduct created a hostile, intimidating, and offensive work environment, which interfered with my ability to do my job.

8. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number: 2018CF1178
Complainant: Kamat M. Damani
Page 6 of 15

VI. A. ISSUES/BASIS

HARASSMENT- JUNE 2017 THROUGH PRESENT (DECEMBER 2017), IN RETALIATION FOR FILING A DISCRIMINATION CHARGE WITH THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS

B. PRIMA FACIE ALLEGATIONS

1. In April 2017, I filed discrimination charge #2017CF2077 against Respondent with the Illinois Department of Human Rights.

2. From June 2017 and continuing through present (December 2017), I have been subjected to harassment by various members of staff and management. Various managers have witnessed and joined in as staff ridiculed me and moved me from task to task as they sit around and socialize. In June 2017, management even ignored a complaint I tried to make against a co-worker who threatened me physically. In or around July 2017, Respondent also put me in harm's way by leaving me alone to deal with a mob of angry customers who were out of control. Although management ignores me, they quickly address anyone who places a complaint against me such as Tamara Jackson, Manager.

3. The adverse action closely followed the filing of my discrimination charge within such a period of time as to raise an inference of retaliatory motivation.

VII. A. ISSUES/BASIS

REDUCTION IN HOURS- JULY 2017, DUE TO MY RACE, ASIAN

B. PRIMA FACIE ALLEGATIONS

1. My race is Asian.

2. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

3. In July 2017, my hours were reduced by Aaron Thomas (non-Asian), General Manager. No reason was given.

4. Similarly situated non-Asian employees did not have their hours reduced under similar circumstances.

Charge Number: 2018CF1178
Complainant: Kamat M. Damani
Page 7 of 15

VIII. A. ISSUES/BASIS

REDUCTION IN HOURS- JULY 2017, DUE TO MY NATIONAL ORIGIN, INDIA.

B. PRIMA FACIE ALLEGATIONS

1. My national origin is India.

2. I was hired on April 1, 2016. My performance as an usher runner met Respondent's expectations.

3. In July 2017, my hours were reduced by Aaron Thomas (non-India), General Manager. No reason was given.

4. Similarly situated employees who were not from India, did not have their hours reduced under similar circumstances.

IX. A. ISSUES/BASIS

REDUCTION IN HOURS- JULY 2017, DUE TO MY DISABILITY, DEPRESSION

B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on April 1, 2016. My performance as an usher runner met Respondent's expectations.

4. In July 2017, my hours were reduced by Aaron Thomas (non-India), General Manager. No reason was given.

5. Similarly situated employees with no known disabilities, did not have their hours reduced under similar circumstances.

6. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number:    2018CF1178
Complainant:  Kamat M. Damani
Page 8 of 15

X.    A.    ISSUES/BASIS

REDUCTION IN HOURS- JULY 2017, DUE TO MY DISABILITY,
BI-POLAR DISORDER

B.    PRIMA FACIE ALLEGATIONS

1.    I am an individual with a disability within the meaning of Section 1
103(I) of the Human Rights Act.

2.    Respondent was aware of my disability.

3.    I was hired on April 1, 2016. My performance as an usher/runner met
Respondent's expectations.

4.    In July 2017, my hours were reduced by Aaron Thomas (non-Indian),
General Manager. No reason was given.

5.    Similarly situated employees with no known disabilities, did not have
their hours reduced under similar circumstances.

6.    My disability is unrelated to my ability to perform the essential
functions of my job.

XI.   A.    ISSUES/BASIS

REDUCTION IN HOURS-  JULY 2017, DUE TO MY DISABILITY,
FRACTURED LEFT LEG

B.    PRIMA FACIE ALLEGATIONS

1.    I am an individual with a disability within the meaning of Section 1
103(I) of the Human Rights Act.

2.    Respondent was aware of my disability.

3.    I was hired on April 1, 2016. My performance as an usher/runner met
Respondent's expectations.

4.    In July 2017, my hours were reduced by Aaron Thomas (non-Indian),
General Manager. No reason was given.

5.    Similarly situated employees with no known disabilities, did not have
their hours reduced under similar circumstances.

Charge Number: 2018CF1178
Complainant: Kamat M. Damani
Page 9 of 15

      6.    My disability is unrelated to my ability to perform the essential functions of my job.

XII.  A.    ISSUES/BASIS

       REDUCTION IN HOURS- JULY 2017, IN RETALIATION FOR FILING A DISCRIMINATION CHARGE WITH THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS

    B.    PRIMA FACIE ALLEGATIONS

      1.    In April 2017, I filed discrimination charge #2017CF2077 against Respondent with the Illinois Department of Human Rights.

      2.    In July 2017, my hours were reduced by Aaron Thomas (non-India), General Manager. No reason was given.

      3.    The adverse action closely followed the filing of my discrimination charge within such a period of time as to raise an inference of retaliatory motivation.

XIII.  A.    ISSUES/BASIS

       FAILURE TO PROMOTE- SEPTEMBER 2017, DUE TO MY RACE, ASIAN

    B.    PRIMA FACIE ALLEGATIONS

      1.    My race is Asian.

      2.    I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

      3.    In September 2017, I was subjected to a failure to promote when a managerial position became available and I was not given any consideration, even though I had expressed interest and was highly qualified. When I approached Charles Prince (non-Asian), Manager, about being passed over, he berated me.

      4.    Less qualified non-Asian employees, such as Tamara Johnson, were promoted into managerial positions under similar circumstances.

Charge Number:   2018CF1178
Complainant: Kamat M. Damani
Page 10 of 15

XIV.   A.      ISSUES/BASIS

FAILURE TO PROMOTE- SEPTEMBER 2017, DUE TO MY NATIONAL ORIGIN, INDIA.

B.      PRIMA FACIE ALLEGATIONS

1.      My national origin is India.

2.      I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

3.      In September 2017, I was subjected to a failure to promote when a managerial position became available and I was not given any consideration, even though I had expressed interest and was highly qualified. When I approached Charles Prince (non-India), Manager, about being passed over, he berated me.

4.      Less qualified employees who were not from India, such as Tamara Johnson, were promoted into managerial positions under similar circumstances.

XV.   A.      ISSUES/BASIS

FAILURE TO PROMOTE- SEPTEMBER 2017, DUE TO MY DISABILITY, DEPRESSION

B.      PRIMA FACIE ALLEGATIONS

1.      I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2.      Respondent was aware of my disability.

3.      I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

4.      In September 2017, I was subjected to a failure to promote when a managerial position became available and I was not given any consideration, even though I had expressed interest and was highly qualified. When I approached Charles Prince, Manager, about being passed over, he berated me.

5.      Less qualified employees with no known disabilities, such as Tamara Johnson, were promoted into managerial positions under similar circumstances.

Charge Number: 2018CF1178
Complainant: Kamat M. Damani
Page 11 of 15

6. My disability is unrelated to my ability to perform the essential functions of my job.

## XVI. A. ISSUES/BASIS

FAILURE TO PROMOTE- SEPTEMBER 2017, DUE TO MY DISABILITY, BI-POLAR DISORDER

### B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

4. In September 2017, I was subjected to a failure to promote when a managerial position became available and I was not given any consideration, even though I had expressed interest and was highly qualified. When I approached Charles Prince, Manager, about being passed over, he berated me.

5. Less qualified employees with no known disabilities, such as Tamara Johnson, were promoted into managerial positions under similar circumstances.

6. My disability is unrelated to my ability to perform the essential functions of my job.

## XVII. A. ISSUES/BASIS

FAILURE TO PROMOTE- SEPTEMBER 2017, DUE TO MY DISABILITY, FRACTURED LEFT LEG

### B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

Charge Number: 2018CF1178
Complainant: Kamat M. Damani
Page 12 of 15

4. In September 2017, I was subjected to a failure to promote when a managerial position became available and I was not given any consideration, even though I had expressed interest and was highly qualified. When I approached Charles Prince, Manager, about being passed over, he berated me.

5. Less qualified employees with no known disabilities, such as Tamara Johnson, were promoted into managerial positions under similar circumstances.

6. My disability is unrelated to my ability to perform the essential functions of my job.

## XVIII. A. ISSUES/BASIS

FAILURE TO PROMOTE- SEPTEMBER 2017, IN RETALIATION FOR FILING A DISCRIMINATION CHARGE WITH THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS

### B. PRIMA FACIE ALLEGATIONS

1. In April 2017, I filed discrimination charge #2017CF2077 against Respondent with the Illinois Department of Human Rights.

2. In September 2017, I was subjected to a failure to promote when a managerial position became available and I was not given any consideration, even though I had expressed interest and was highly qualified. When I approached Charles Prince, Manager, about being passed over, he berated me.

3. The adverse action closely followed the filing of my discrimination charge within such a period of time as to raise an inference of retaliatory motivation.

## XIX. A. ISSUES/BASIS

WRITTEN REPRIMAND- SEPTEMBER 18, 2017, DUE TO MY RACE, ASIAN

### B. PRIMA FACIE ALLEGATIONS

1. My race is Asian.

2. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

Charge Number:  2018CF1178
Complainant: Kamat M. Damani
Page 13 of 15

3. On September 18, 2017, I was issued a written reprimand by Aaron Thomas, General Manager, for not completing tasks that were assigned to me by Tamara Johnson (non-Asian), Manager.

4. Similarly situated non-Asian employees were not issued a written reprimand under similar circumstances.

XX. A. ISSUES/BASIS

WRITTEN REPRIMAND- SEPTEMBER 18, 2017, DUE TO MY NATIONAL ORIGIN, INDIA.

B. PRIMA FACIE ALLEGATIONS

1. My national origin is India.

2. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

3. On September 18, 2017, I was issued a written reprimand by Aaron Thomas, General Manager, for not completing tasks that were assigned to me by Tamara Johnson (non-India), Manager.

4. Similarly situated employees who were not from Asia, were not issued a written reprimand under similar circumstances.

XXI. A. ISSUES/BASIS

WRITTEN REPRIMAND- SEPTEMBER 18, 2017, DUE TO MY DISABILITY, DEPRESSION

B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

4. On September 18, 2017, I was issued a written reprimand by Aaron Thomas, General Manager, for not completing tasks that were assigned to me by Tamara Johnson, Manager.

Charge Number:   2018CF1178
Complainant:  Kamat M. Damani
Page 14 of 15

    5.    Similarly situated employees with no known disabilities, were not issued a written reprimand under similar circumstances.

    6.    My disability is unrelated to my ability to perform the essential functions of my job.

XXII. A.    ISSUES/BASIS

    WRITTEN REPRIMAND- SEPTEMBER 18, 2017, DUE TO MY DISABILITY, BI-POLAR DISORDER

    B.    PRIMA FACIE ALLEGATIONS

    1.    I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

    2.    Respondent was aware of my disability.

    3.    I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

    4.    On September 18, 2017, I was issued a written reprimand by Aaron Thomas, General Manager, for not completing tasks that were assigned to me by Tamara Johnson, Manager.

    5.    Similarly situated employees with no known disabilities, were not issued a written reprimand under similar circumstances.

    6.    My disability is unrelated to my ability to perform the essential functions of my job.

XXIII. A.    ISSUES/BASIS

    WRITTEN REPRIMAND- SEPTEMBER 18, 2017, DUE TO MY DISABILITY, FRACTURED LEFT LEG

    B.    PRIMA FACIE ALLEGATIONS

    1.    I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

    2.    Respondent was aware of my disability.

    3.    I was hired on April 1, 2016. My performance as an usher/runner met Respondent's expectations.

Charge Number:    2018CF1178
Complainant:  Kamat M. Damani
Page 15 of 15

4.    On September 18, 2017, I was issued a written reprimand by Aaron Thomas, General Manager, for not completing tasks that were assigned to me by Tamara Johnson, Manager.

5.    Similarly situated employees with no known disabilities, were not issued a written reprimand under similar circumstances.

6.    My disability is unrelated to my ability to perform the essential functions of my job.

## XXIV. A.    ISSUES/BASIS

WRITTEN REPRIMAND- SEPTEMBER 18, 2017, IN RETALIATION FOR FILING A DISCRIMINATION CHARGE WITH THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS

### B.    PRIMA FACIE ALLEGATIONS

1.    In April 2017, I filed discrimination charge #2017CF2077 against Respondent with the Illinois Department of Human Rights.

2.    On September 18, 2017, I was issued a written reprimand by Aaron Thomas, General Manager, for not completing tasks that were assigned to me by Tamara Johnson, Manager.

3.    The adverse action closely followed the filing of my discrimination charge within such a period of time as to raise an inference of retaliatory motivation.

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

**IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.**

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, *probably*, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in investigative file. Requests must be made in writing to Sylvia Bustos and either name of the address above, faxed to (312) 588-1260 or sent via email to sylvia.bustos@eeoc.gov (please choose only one, not no duplicate requests). *Be sure to include your name, address, phone number and EEOC charge num with your request.*

If you are the Charging Party and a RIGHT TO SUE has been issued, you have the grant of access to the file:

*     <u>Before filing a lawsuit</u>, but within 90 days of your receipt of the Right to Sue; or

*     <u>After your lawsuit has been filed.</u> If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped date number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Inc with your request a copy of the entire court complaint that includes a certificate court stamp filed date number.

Pursuant to federal statutes, certain documents, such as those which relate to the government's delibera process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be s to you after receipt of your written request. (Statutes enforced by the EEOC prohibit us in general from making investigative information public.)

The process for access to the file will begin no later than ten (10) days after receipt of your request.

When the file becomes available for review, you will be contacted in advance to arrange to visit our off and/or request that a copy of the file be sent to you. Files may not be removed from our office.

Your file will be copied by Aloha Print Group. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. When making this request it is recommended that you first review your file to determine which documents, if any, you want copies. The EEOC will not review your file or provide a count of the pages contained in it. If you decide you want copies of your file, it will be sent <u>in its entirety</u> to the copy service, and you will be responsible for the cost. Payment must be made directly to Aloha Print Group, which charges .15 cents per page.

(Revised 05/2019, previous copies obsolete)